IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES L. BASSIL, #12103-007                                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:15-cv-640-WHB-JCG

FEDERAL BUREAU OF PRISONS, et al                                          DEFENDANTS

REPORT AND RECOMMENDATION

BEFORE THE COURT are eight Motions to Dismiss, or in the Alternative, for Summary Judgment, filed by Defendants United States of America (ECF No. 36), Debbie Santiago (ECF No. 45), Sandra White (ECF No. 47), Zyvan Lee (ECF No. 49), Jack Joiner (ECF No. 51), Scott Fisher (ECF No. 53), Patrick Ware (ECF No. 55), and Norma Natal (ECF No. 57). Plaintiff James L. Bassil filed a Response (ECF NO. 40) to the Motion filed by the United States of America, but failed to timely respond any of the other defendants' Motions. The undersigned issued an Order to Show Cause (ECF No. 60) on December 16, 2016, which gave Plaintiff fourteen (14) days to file a response. The Order warned Plaintiff that failure to file a response "will result in the Court proceeding to a ruling on the merits without the benefit of Plaintiff's response." (ECF No. 60, at 1). On December 29, 2016, Plaintiff filed a response (ECF No. 61) indicating that the Court should treat his prior Response (ECF No. 40) to the United States of America's Motion as also responding to the other Defendants' Motion.

Having considered the submissions of the parties, the record as a whole, and relevant law, the Court recommends that Defendants' Motions to Dismiss or in the

Alternative for Summary Judgment (ECF No. 36); (ECF No. 45); (ECF No. 47); (ECF No. 49); (ECF No. 51); (ECF No. 53); (ECF No. 55); (ECF No. 57) should be GRANTED. Accordingly, Plaintiff's claims under the Federal Tort Claims Act should be dismissed with prejudice for failure to state a claim upon which relief can be granted, and Plaintiff's *Bivens*[1] claims should be dismissed without prejudice for failure to exhaust administrative remedies.

## I. BACKGROUND

### A. Procedural History

Plaintiff James L. Bassil filed his Complaint (ECF No. 1) on September 1, 2015, asserting negligence claims under the Federal Tort Claims Act (FTCA) and violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Mardis is currently an inmate in the custody of the Federal Bureau of Prisons at the Federal Correctional Facility in Coleman, Florida. However, at the time the events giving rise to the instant law suit transpired, he was housed at the Federal Correctional Complex in Yazoo City, Mississippi (FCC Yazoo) – hence the appropriateness of venue in the Southern District of Mississippi. Plaintiff proceeds *pro se* and *in forma pauperis*.

Plaintiff's original Complaint (ECF No. 1) named as Defendants the Federal Bureau of Prisons, Scott Fisher, Zyvan Lee, Debbie Santiago, Patrick Ware, Jack Joiner, Sandra White, and Yazoo Prison Staff (known and unknown). On March 4,

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2016, Plaintiff filed an Amended Complaint (ECF No. 15), which added Dr. Norma Natal as defendant and elaborated upon his original claims. On March 16, 2016, Senior District Judge Barbour issued a Memorandum Opinion and Order (ECF No. 17) *sua sponte* dismissing the Federal Bureau of Prisons because it is not a proper defendant under either the FTCA or *Bivens*. The United States of America was then added as defendant on April 7, 2016. (ECF No. 20).

On June 10, 2016, Defendant United States of America filed its Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 36), to which Plaintiff responded (ECF No. 40) and Defendant replied (ECF No. 43). The remaining Defendants then filed motions to dismiss or, in the alternative, for summary judgment on July 25, 2016. (ECF No. 45); (ECF No. 47); (ECF No. 49); (ECF No. 51); (ECF No. 53); (ECF No. 55); (ECF No. 57). Plaintiff has not filed responses to these Motions.

B. Facts

The material facts are not in dispute.[2] Plaintiff sustained a burn to his left arm while performing his assigned institutional job with the kitchen staff at FCC Yazoo on April 11, 2014. (ECF No. 15, at 3). Plaintiff states that he alerted his staff supervisor of his injury, but his staff supervisor "did not make an incident report" as required by Federal Bureau of Prison policy. *Id.* Thereafter, Plaintiff says he sought medical care from a doctor, but instead received care from a nurse or physician's

---

[2] Defendants dispute much of Plaintiff's rendition of the facts surrounding the incident; however, because Plaintiff's allegations, taken as true, do not alter the Court's analysis, the Court proceeds as though they are the facts of the case.

3

assistant at FCC Yazoo who "attempted to treat the wound with a chemical that caused several layers of skin to fall off causing great pain, and scarring." *Id.* at 3-4. Plaintiff asked for additional medical care from "the doctor, a hospital, or burn unit," but was instead sent back to his housing unit "with no report filed, and no adequate treatment for his wound." *Id.* at 4.

Plaintiff states that he complained for three weeks about the inadequate medical care he was receiving before he finally met with Defendant Sandra White in the Safety Department, who "seemed concerned that no report had been filed," stated that Plaintiff's arm "looked horrible," and documented the injury with photos and Plaintiff's statements. *Id.* At some point during Plaintiff's meeting with Ms. White, Defendant Jack Joiner interrupted and ordered Plaintiff to leave the Safety Department in a threatening manner. *Id.* Plaintiff then filed his administrative grievance related to his injury and subsequent medical care (or lack thereof). *Id.* at 5. Plaintiff appealed his grievance up to the central office in the Washington, D.C., but was told that his final appeal was not timely filed with the central office. (ECF No. 45-2, at 4-5); (ECF No. 15, at 11-16). He also filed an FTCA claim with the Bureau of Prisons. (ECF No. 36-2); (ECF No. 15, at 9-11).

He asserts that Defendants failed to provide a safe work environment and access to timely, adequate medical care. *See id.* at 6-8. In relief, he seeks $700,000 in compensatory and punitive damages, as well as injunctions barring retaliation, undesired transfers, and disruption of his legal mail.[3]

---

[3] In his original Complaint, he stated that he sought $1,500,000 in compensatory and punitive damages and adequate medical care. (ECF No. 1, at 4). His amended complaint seems to have altered the relief sought.

4

II. DISCUSSION

Plaintiff filed this law suit pursuant to the FTCA – which waives the Federal Government's sovereign immunity with regard to suits in tort stemming from the conduct of a federal employee acting within the scope of employment, 28 U.S.C. § 1346 – and *Bivens* – which provides monetary and injunctive relief for the deprivation of any individual's constitutional rights under color of state law by a federal employee. Because Defendants have submitted matters outside the pleadings, the motion will be characterized as a motion for summary judgment. *Johnson v. King*, 2010 WL 4638213, *1 (S.D. Miss. May 18, 2010) (citing *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991)).

A. Legal Standard

   a. Summary Judgment

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which they believe demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-25. If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324-25.

The Plaintiff may not rest upon mere allegations in his Complaint, but must set forth specific facts showing the existence of a genuine issue for trial. *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). In the absence of any proof, the Court will not assume that Plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

    b. Prison Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss

6

those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

If a prisoner is proceeding *in forma pauperis*, and his complaint is dismissed on grounds that it is frivolous, malicious, or fails to state a claim, the dismissal counts as a strike. 28 U.S.C. § 1915(g). If a prisoner receives three strikes, he may no longer proceed *in forma pauperis* in a civil suit unless he is in imminent danger of serious physical injury. *Id.*

### c. The PLRA's Exhaustion Requirement

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner

cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

B. Analysis

Defendants' Motions for Summary Judgment should be granted because Plaintiff fails to state a claim under the FTCA and because he has failed to exhaust his *Bivens* claims.

The United States of America is the only proper defendant for a claim pursuant to the FTCA, 28 U.S.C. § 1346(b).[4] *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("[An] FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."). However, the FTCA's waiver of the Federal Government's sovereign immunity does not extend to the work-related torts suffered by prisoners. Rather, the exclusive remedy for such injuries is provided by the Inmate Accident Compensation Act (IACA), 18 U.S.C. § 4126. *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam). It is well established that "[18 U.S.C.] § 4126 is the sole remedy against the government where the injury is work-related, and the

---

[4] It is not clear from Plaintiff's Amended Complaint whether he asserts FTCA claims against the individual defendants, but to the extent that he does so, such claims are not cognizable and should be dismissed.

8

cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." *Id.* (citing *United States v. Demko*, 385 U.S. 149, 154 (1966)). This remains true even when a work-related injury is subsequently aggravated by negligence or malpractice on the part of prison officials. *See Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974); *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987).

Plaintiff asserts that he was injured while working his assigned institutional job at FCC Yazoo and that his injury was exacerbated by inadequate medical care. The law is clear that the IACA provides the sole remedy for a prison-employee's work-related injuries. Accordingly, this Court lacks jurisdiction to adjudicate Plaintiff's claims under the FTCA, and his FTCA claims should therefore be dismissed with prejudice.

Plaintiff's claims under *Bivens* are only properly asserted against individuals, not entities or agencies.[5] *F. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994). However, the Court cannot address the merits of his *Bivens* claims because he has failed to exhaust the Federal Bureau of Prisons' four-step administrative remedy process with regards to those claims before filing suit.

The Bureau's administrative remedy process is outlined at 28 C.F.R. § 542.10-.19. First, a prisoner must submit a request for informal resolution of his claim. 28 C.F.R. § 542.13. Second, if informal resolution is unsuccessful, the

---

[5] It is not clear from Plaintiff's Amended Complaint whether he asserts *Bivens* claims against the United States of America, but to the extent that he does so, such a claim is not cognizable and should be dismissed.

9

prisoner must then submit a formal written Administrative Remedy Request directly to the prison warden within twenty (20) days of the incident giving rise to the grievance. *Id.* § 542.14. Third, the prisoner may appeal an unsatisfactory decision from the warden to the appropriate regional director within twenty (20) days of the warden's response. *Id.* § 542.15. Fourth, and finally, the prisoner may appeal an unsatisfactory decision by the regional director to the Bureau's Central Office within thirty (30) days of the regional director's response. *Id.* Only after timely appeal to the Central Office has a prisoner exhausted his or her administrative remedies with the Federal Bureau of Prisons. *See id.* These time limits may be extended "when the inmate demonstrates a valid reason for delay," which generally must be circumstances beyond the inmate's control that can be verified by prison staff. *Id.* § 542.14.

The undisputed record demonstrates that Bassil pursued his inadequate medical care claim, but did not successfully see it through to exhaustion.[6] *See* (ECF No. 45-2). He submitted a formal written grievance with the warden and appealed that decision to the regional director; however, his appeal to the Central Office was untimely filed by several months (which Bassil admitted in his appeal). (ECF No. 45-2, at 4-5); (ECF No. 15, at 15-16). Mr. Bassil was given an opportunity to demonstrate that the untimeliness of his final appeal was not his fault and to

---

[6] Additionally, Plaintiff's grievance filed pursuant to the FTCA is of no matter with regard to his *Bivens* claims because the exhaustion requirements for FTCA claims and *Bivens* claims are "separate and distinct." *See Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006); *Brown v. United States*, No. 5:11-cv-63-DCB-RHW, 2012 WL 7655323, at *2 (S.D. Miss. Dec. 19, 2012), *report and recommendation adopted sub nom. Brown v. Fed. Bureau of Prisons*, No. 5:11-cv-63-DCB-RHW, 2013 WL 797443 (S.D. Miss. Mar. 4, 2013).

provide staff verification, but he failed to provide staff verification of his excuse. *Id.* at 5; (ECF No. 15, at 11-12, 14).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Flores v. Lappin*, 580 F. App'x 248, 249 (5th Cir. 2014) (quoting *Woodford*, 548 U.S. at 90). Because Bassil failed to successfully complete the fourth step of the Federal Bureau of Prisons' administrative remedy process, he failed to exhaust his available administrative remedies as required by the PLRA. *Flores v. Lappin*, 580 F. App'x 248, 249 (5th Cir. 2014). His *Bivens* claims must therefore be dismissed without prejudice.

## III. RECOMMENDATION

The undersigned recommends that each of Defendants' Motions to Dismiss, or in the Alternative, for Summary Judgment ECF No. 36); (ECF No. 45); (ECF No. 47); (ECF No. 49); (ECF No. 51); (ECF No. 53); (ECF No. 55); (ECF No. 57) be GRANTED. Accordingly, Plaintiff's FTCA claims against all Defendants should be dismissed with prejudice, and Plaintiff's *Bivens* claims against all Defendants should be dismissed without prejudice. Additionally, because Plaintiff's claims pursuant to the FTCA should be dismissed for failure to state a cognizable claim, Plaintiff should be assessed a strike under 28 U.S.C. § 1915(g).

## IV. NOTICE OF RIGHT TO OBJECT/APPEAL

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of the court and serve them upon the other

parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred except upon grounds of plain error, from attacking on appeal any proposed factual findings or legal conclusions adopted by the Court to which he did not object. *Douglas v. United Servs. Automobile Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 9th day of January, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE