```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**JAMES L. BASSIL, #12103-007**                                              **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 3:15-cv-640-WHB-JCG**

**FEDERAL BUREAU OF PRISONS, ET AL.**                                       **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo. After considering the R and R[1], the other pleadings in this case, as well as relevant authorities, the Court finds the R and R should be adopted in its entirety.

**I.  Discussion**

In April of 2014, James L. Bassil ("Bassil"), sustained a burn to his arm while working at his assigned institutional job with the kitchen staff at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo"). According to Bassil, his request that an incident report be filed as required by prison policy was denied. Bassil also alleges that his requests to be treated by a physician or outside hospital/burn unit were denied. Instead, according to Bassil, he was treated by a physician assistant at FCC Yazoo, and the treatment he received was inadequate. Finally,

---

[1] The parties were required to file objections to the R and R on or before January 26, 2017. No objections were filed.

Bassil alleges that his requests for follow-up care were denied.

In September of 2015, Bassil filed a lawsuit in this Court against the Federal Bureau of Prisons and several administrators at FCC Yazoo.  By leave of Court, Bassil filed an Amended Complaint against: the Federal Bureau of Prisons; FCC Yazoo Warden Scott Fisher; Food Service Administrators Zyvan Lee and Patrick Ware; Assistant Food Service Administrator Debbie Santiago; Safety Administrator Jack Joiner; Safety Clerk Sandra White; and FCC Yazoo medical doctor Norma Natal.  Through his Amended Complaint, Bassil seeks relief under the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. §§ 1346(b) 2671-80, and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

By Order, Bassil's claims against the Federal Bureau of Prisons were dismissed on a finding that the Court lacked jurisdiction to consider those claims.  See Order [Docket No. 17] (holding that the Court lacked jurisdiction to consider FTCA and Bivens claims against the Bureau of Prisons because such claims cannot be maintained against a federal agency).  The United States of America was later added as a defendant to the action.  See Order [Docket No. 20].  Thereafter, each of the named defendants filed motions seeking dismissal of, or alternatively summary judgment on, Bassil's claims.  The Motions came before United States Magistrate Judge John C. Gargiulo who entered his R and R recommending that all of the Motions for Summary Judgment be granted because Bassil had not stated a viable claim under the FTCA and had not exhausted

his administrative remedies with respect to his Bivens claims.  See R and R [Docket No. 62], at 8.

In his R and R, Judge Gargiulo first considered Bassil's FTCA claims, and found that only the United States was the proper party with respect to those claims.  See R & R at 8 (quoting Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988)("[An] FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").  Judge Garguilo then found that because Bassil's alleged injuries arose from a work-related injury, any remedy for those injuries against the United States had to be sought under the Inmate Accident Compensation Act ("IACA"), codified at 18 U.S.C. § 4126, and not the FTCA.  Id. at 8-9 (citing e.g. Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980)(explaining that injuries sustained by federal prisoners while working are not compensable under the FTCA but, instead, "[18 U.S.C.] § 4126 is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job.").  See also Walker v. Reese, 364 F. App'x 872, 876 (5th Cir. 2010)(finding the court lacked jurisdiction to consider a federal inmate's FTCA claims arising from burns sustained while working in the kitchen at FCC-Yazoo, on the grounds that the "Supreme Court and Fifth Circuit have repeatedly provided that the BOP's [Inmate Accident Compensation] system is the exclusive means of recovery for prison-

employee's work-related injuries"). Upon finding that Bassil could not, as a matter of law, maintain a FTCA claim arising from injuries he allegedly sustained while working in the FCC Yazoo kitchen, Judge Gargiulo recommended the dismissal of Bassil's FTCA claims.

Next, Judge Gargiulo considered Bassil's <u>Bevins</u> claims against the prison officials/employees, and found that all of those claims were subject to dismissal, as a matter of law, because Bassil had not exhausted his administrative remedies as required to maintain such claims. <u>See</u> R & R, at 4, 9-11. Based on his findings, Judge Gargiulo recommended that each Defendant's Motion for Summary Judgement be granted, that all of Bassil's claims be dismissed, and that Bassil be assessed a strike under 28 U.S.C. § 1915(g). <u>Id.</u> at 11.[2]

The Court has reviewed the R and R, to which no objections were filed, as well as the Docket and other pleadings in this case. After review, the Court agrees that Bassil's Complaint should be dismissed for the reasons stated by Judge Gargiulo. First, Bassil cannot maintain a FTCA claim against the only proper party to that claim, the United States of America, because his was a work-related injury. Second, Bassil cannot maintain his <u>Bivens</u> claims against the prison officials/employees because he failed to exhaust his

---

[2] The record shows that Bassil was expressly notified that he could not maintain a FTCA claim arising from the injury he received while working in the prison kitchen, and that his claim had to be brought under the IACA, before his lawsuit was filed. <u>See</u> Mot. to Dismiss [Docket 36], Ex. B, 5-6.

4

administrative remedies as required to maintain those claims. Accordingly, the Court will adopt Judge Gargiulo's R and R recommending the granting Defendants' Motions for Summary Judgment, and the dismissal of this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the January 9, 2017, Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket No. 62], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Defendants to Dismiss or, in the alternative, for Summary Judgment [Docket Nos. 36, 45, 47, 49, 51, 53, 55, and 57] are all hereby granted.

A Final Judgment dismissing this case shall be entered this day.

SO ORDERED this the 3rd day of February, 2017.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE